UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES THOMAS,

                              Plaintiff,

    v.                                                         9:17-CV-0531
                                                              (BKS/CFH)

AUDREY MACKLIN, et al.,

                              Defendants.

---

APPEARANCES:

JAMES THOMAS
15-A-4101
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Currently before the Court in this pro se civil rights action filed by plaintiff James Thomas is plaintiff's application to proceed in forma pauperis. Dkt. No. 5 ("IFP Application"). For the reasons set forth below, the IFP Application is denied as incomplete and plaintiff is afforded a final opportunity to comply with the filing fee requirements if he wishes to avoid dismissal of this action.

## I.    RELEVANT BACKGROUND

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 asserting claims for the violation of his constitutional rights. Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee or request to proceed in forma pauperis with this action. On May 16, 2017, an Order was issued directing the Clerk to administratively close this action as improperly commenced.

Dkt. No. 3 (the "May 2017 Order").  Plaintiff was advised that if he desired to pursue this action, he must so notify the Court within thirty (30) days of the filing date of May 2017 Order and either (1) pay the filing fee of $400.00 in full,[1] or (2) submit a completed and signed IFP Application that has been certified by an appropriate official at his facility, together with a signed Inmate Authorization Form.  *Id*. at 2.

Plaintiff submitted an IFP Application.  Dkt. No. 5.  Plaintiff also provided a signed Inmate Authorization Form.  Dkt. No. 6.  Thus, the Clerk was directed to reopen this action and restore it to the Court's active docket for further review.  Dkt. No. 7.

## II.    FILING FEE REQUIREMENTS

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The statutory filing fee must also be paid at the time an action is commenced, unless a completed IFP Application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking in forma pauperis status in a civil action subject to the

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00).  A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(3).

PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application.[2] N.D.N.Y.L.R. 5.4(b)(1)(A). Local Rule 5.4 further provides, in pertinent part, that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.4(b)(2)(A).[3]

Although plaintiff has submitted an IFP Application, the Certificate portion of the IFP Application is not completed or signed **by an appropriate official at plaintiff's facility**. *See* Dkt. No. 5 at 2. Instead, plaintiff completed and signed the Certificate portion himself. *Id*. No inmate account statements have been provided. Thus, plaintiff's IFP Application (Dkt. No. 5) is **denied as incomplete**. Because plaintiff has not complied with the May 2017 Order, this action is subject to dismissal. However, in light of plaintiff's pro se status, and because he has attempted to comply, the Court will afford plaintiff **a final opportunity** to submit, within thirty (30) days of the filing date of this Decision and Order, **either** (1) the full filing fee of $400.00 **or** (2) a completed, signed, and certified IFP Application. If plaintiff fails to timely do either of these two things, this action will be dismissed without prejudice without further Order of the Court.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

---

[2] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[3] Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order, . . ." Fed. R. Civ. P. 41(b). It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

**ORDERED** that plaintiff's IFP Application (Dkt. No. 5) is **DENIED as incomplete**; and it is further

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the $400.00 filing fee in full, or (2) submit an IFP Application which has been completed and signed by him, and which has been signed and certified by an appropriate official at his facility;[4] and it is further

**ORDERED** that if plaintiff timely complies with this Decision and Order, the file in this matter shall be returned to the Court for further review; and it is further

**ORDERED** that in the event that plaintiff fails to timely comply with this Decision and Order, this action will be **dismissed without prejudice, without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff along with a blank IFP Application.

**IT IS SO ORDERED**.

Dated:  June 1, 2017
        Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[4] Inmate account statements may be submitted in lieu of the completed Certificate portion of the IFP Application. *See* 28 U.S.C. § 1915(a)(2).